ISRAEL GOLDOWITZ
Chief Counsel
KAREN L. MORRIS
Deputy Chief Counsel
STEPHANIE THOMAS
Assistant Chief Counsel
MARK R. SNYDER, CA Bar No. 109430
Attorney
Office of Chief Counsel
1200 K Street, N.W.
Washington, DC 20005-4026
Tel.: (202) 326-4020, ext. 3423
Fax: (202) 326-4112
snyder.mark@pbgc.gov and efile@pbgc.gov
Counsel for Pension Benefit Guaranty Corporation

ORIGINAL FILED
APR 23 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
EASTERN DIVISION

PENSION BENEFIT GUARANTY CORPORATION, an agency of the United States Government,

    Plaintiff,

v.

C&G CONTRACTORS, INC., as plan administrator of the C&G Contractors, Inc. Defined Benefit Pension Plan

Serve: David Van Hoesen
       Agent for Service of Process
       2 Bel Air Drive
       Orinda, CA 94563

or

Jerry L. Guss
President
C&G Contractors, Inc.
2558 Oliver Avenue
Oakland, CA 94605

or

110 Cashman Circle
Sacramento, CA 95835

or

17622 Big Oaks Grove
Richmond, TX 77469

C08-02107 JSW
ADR

Civil Action No.

COMPLAINT

1 | Defendant.                    )
2 |                               )

**COMPLAINT**
**Administrative Procedures Act Case**

1. This action arises under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1301-1461 (2000 & Supp. V 2005). Plaintiff, the Pension Benefit Guaranty Corporation ("PBGC"), brings this action pursuant to 29 U.S.C. § 1342 for an order: (1) terminating the C&G Contractors, Inc. Pension Plan (the "Plan"); (2) establishing October 31, 2004, as the termination date of the Plan; (3) appointing PBGC as statutory trustee of the Plan; and (4) requiring C&G Contractors, Inc. (the "Defendant") to transfer any and all Plan records, assets, property, and documents to PBGC.

Jurisdiction and Venue

2. This Court has exclusive jurisdiction over this action, under 29 U.S.C. § 1342(c), (f).

3. Venue properly lies in this Court pursuant to 29 U.S.C. § 1342(g).

Parties

4. PBGC is a wholly-owned United States government corporation established under 29 U.S.C. § 1302(a) to administer the pension plan termination insurance program created by Title IV of ERISA and an agency of the United States. PBGC assures the timely payment of pension benefits under pension plans that terminate when covered by Title IV. 29 U.S.C. §§ 1302(a)(2), 1321(a), 1322, 1361.

5. The Defendant is incorporated in California and the Defendant's registered office and principal place of business was located at 2256 Dunn Road, Hayward, California.

6. The Defendant is the contributing sponsor and the plan administrator of the Plan, within the meaning of 29 U.S.C. § 1301(a)(1) and (13).

Background

7. The Plan has approximately 7 participants.

8. The Plan is a benefit pension plan within the meaning of 29 U.S.C. § 1002(2) and (35), that is covered by Title IV of ERISA and insured under the pension plan termination

1  insurance program. 29 U.S.C. § 1321(a).

2     9.    On or about October 31, 2004, the Defendant terminated all of its employees and
3  permanently ceased business operations.

### Count I

5     10.    PBGC restates and realleges paragraphs 1 through 9.

6     11.    Under 29 U.S.C. § 1342(a), PBGC shall institute proceedings to terminate a
7  pension plan whenever the agency determines that the plan does not have assets available to pay
8  benefits currently due under the terms of the plan.

9     12.    Following an administrative proceeding, on August 30, 2006, PBGC determined
10 that: the Plan does not have assets available to pay benefits currently due under the terms of the
11 Plan and that the Plan must be terminated in order to protect the interests of the Plan's
12 participants. The agency's determinations are stated in a Notice of Determination ("Notice")
13 issued by PBGC on August 30, 2006. The Notice further stated that PBGC intends to: (1)
14 proceed to have the Plan terminated, (2) have PBGC appointed as statutory trustee under
15 29 U.S.C. § 1342, and (3) have October 31, 2004, established as the Plan's termination date
16 under 29 U.S.C. § 1348. A copy of the Notice is attached as Exhibit 1.

17     13.    Under 29 U.S.C. § 1342(c), PBGC is required to notify the plan administrator of
18 its determination that the plan should be terminated before applying for a court order terminating
19 a plan.

20     14.    By certified United States Mail return receipt requested, PBGC sent a copy of the
21 Notice to the Defendant at its last known address on or about August 30, 2006.

22     15.    On October 12, 2006, the Notice was returned to PBGC. The Notice and the
23 returned envelope are attached hereto as Exhibit 2.

24     16.    PBGC may apply to the appropriate United States District Court for a decree
25 adjudicating that a plan must be terminated to protect the interest of participants. 29 U.S.C.
26 § 1342(c).

27     17.    After PBGC determines that a pension plan should be terminated, and upon
28 application and notice by PBGC under 29 U.S.C. § 1342(c), a United States district court may

1 order the termination of the pension plan if necessary to protect the interests of the participants.

18. On or about July 26, 2007, PBGC filed a complaint in this court, Case No. 07-cv-03837 SC, seeking termination of the Plan, establishment of a termination date and appointment as statutory trustee. On or about November 5, 2007, PBGC filed a notice of dismissal of the complaint without prejudice. The case was dismissed without prejudice on November 6, 2007. PBGC will file the appropriate administrative motion under Loc. R. 3-3(c) and 3-12(b) regarding whether this case and Case No. 07-03837 SC should be considered related cases.

19. Because the Plan does not have assets available to pay benefits currently due under the Plan, the Plan must be terminated to protect the interests of the participants.

## Count II

20. PBGC restates and realleges paragraph 1 through 19.

21. Upon issuing an order terminating the Plan under 29 U.S.C. § 1342(c), a United States district court must establish the date of termination of the Plan under 29 U.S.C. § 1348(a)(4).

22. A termination date of October 31, 2004, is appropriate because on this date the Company terminated all of its employees and permanently ceased business operations. Accordingly, any reasonable expectations by Plan participants that the Plan would continue were extinguished as of this date. 29 U.S.C. § 1342(c).

## Count III

23. PBGC restates and realleges paragraphs 1 through 22.

24. Upon issuing an order terminating the Plan under 29 U.S.C. § 1342(c), a United States district court must appoint a trustee, which upon application may be PBGC, under 29 U.S.C. § 1342(b) and (c). Upon appointment as trustee, PBGC will administer the Plan in accordance with Title IV of ERISA.

25. PBGC is ready, willing, and able to serve as trustee.

## Count IV

26. PBGC restates and realleges paragraphs 1 through 25.

27. The trustee appointed by the Court pursuant to 29 U.S.C. § 1342(c) is authorized,

pursuant to 29 U.S.C. § 1342(d), among other things, to pay benefits under the terms of the Plan and to manage the assets of the Plan. 29 U.S.C. § 1342(d).

28. In order to carry out its statutory duties with respect to the Plan, the trustee appointed by the Court must receive all documents and records relating to the Plan and its participants, all other property of the Plan, and the assets of the Plan.

**Remaining portion of this page intentionally left blank.**

WHEREFORE, PBGC respectfully requests that the Court issue an Order granting relief as follows:

1. Terminating the Plan pursuant to 29 U.S.C. § 1342(c);

2. Establishing October 31, 2004, as the termination date of the Plan pursuant to 29 U.S.C. § 1348(a)(4);

3. Appointing PBGC statutory trustee of the Plan pursuant to 29 U.S.C. § 1342(c);

4. Requiring C&G Contractors, Inc., its agents, and any other person or entity having possession, custody or control of any records, assets or other property of the Plan, and any documents relating to the Plan, to transfer, convey and deliver all such records, assets, property and documents to PBGC; and

5. Granting any and all other relief that this Court deems just and proper.

Date: 22 April 2008

Respectfully submitted,

*/s/ Mark Snyder*

ISRAEL GOLDOWITZ
Chief Counsel
KAREN L. MORRIS
Deputy Chief Counsel
STEPHANIE THOMAS
Assistant Chief Counsel
MARK R. SNYDER, CA Bar No. 109430
Attorney
Counsel for Pension Benefit Guaranty Corporation

Pension Benefit Guaranty Corporation
Office of Chief Counsel
1200 K Street, N.W.
Washington, DC 20005-4026
Tel.: (202) 326-4020, ext. 3423
Fax: (202) 326-4112
snyder.mark@pbgc.gov and efile@pbgc.gov